BLONDIE BURTON v. STATE.

No. A-5864. Opinion Filed Aug. 12, 1927.
(258 Pac. 1059.)

H. A. Grove, for appellant.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J.   The appellant and his wife were jointly charged with the possession of 4½ pints of whisky, with the unlawful intent to sell the same.   On the trial his wife was acquitted and he was convicted, the jury fixing the penalty at a fine of $100 and imprisonment in the county jail for 30 days.   To reverse the judgment rendered on the verdict he appeals, and assigns as error that the verdict is not sustained by sufficient evidence and is contrary to law, and that the court erred in overruling the motion to suppress evidence.

The state relied for this conviction upon the testimony of W. S. Mayfield, a deputy sheriff, to the effect that he visited the defendant's place, consisting of 10 or 20 acres, 3 or 4 miles from Tulsa, in executing a search warrant; that he had a federal man with him and another officer; that the defendants and two men were at the place, and they searched them, and he found a half pint of corn liquor on the person of one of the men and a vinegar cruet under the table containing something like a half pint of liquor. That they then proceeded to search the premises, then witness went south of the house about 60 steps and picked up 2 pints of liquor covered up in the grass and proceeded south of there about the same distance and found 2 more pints of liquor; that he made the affidavit for the search warrant; that the search warrant could not be found; that they destroyed all the whisky except this in the vinegar pitcher.

On cross-examination he stated that the place where he found the 4 pints of whisky was on the adjoining pasture to the defendant's place.

At the close of the testimony, counsel for the defendants moved to withdraw the testimony of the witness with reference to the 4 pints found on another place, and as to the half pint found on the person of another at the home of the defendants, which motion was overruled.

Thereupon the defendants each separately moved for a directed verdict of acquittal, which motions the court overruled.

The defendants each testified in their own behalf and denied ownership of the whisky found; that they conducted a truck farm and were never before arrested. That Mr. Cannon came into the house and had some liquor in a fruit jar; he wanted a bottle to put it in, and appellant found a half pint bottle, which Cannon filled and placed in his pocket and then poured what was left in the fruit jar into the vinegar cruet.

C. D. Bardon testified that he lived on his brother's place 10 years, taking care of oil leases; that appellant was the owner of 30 acres near by; that driving by he stopped to visit the Burtons, and while he was there Mr. Cannon came in with about a pint of whisky in a fruit jar; that he drank some of it and Cannon filled a half pint bottle and put it in his pocket; then poured what was left into a vinegar pitcher; that about that time the officers came in and arrested the defendants and Cannon and the witness, searched them, and then searched the place.

In our opinion, the evidence offered on behalf of the state wholly fails to prove the offense charged, in that neither actual nor constructive possession by the defendants of intoxicating liquors, as alleged, was shown.

The testimony of the only witness for the state shows that the 4 pints of whisky found by him were not on the premises of the defendants. In prosecutions of this kind, in order to prove an intent to violate the law, the posses-

sion of intoxicating liquors must first be shown. That was not done in this case.

The evidence being insufficient to support the verdict, we deem it unnecessary to discuss the other questions arising in the case.

For the reasons stated, the judgment of the lower court is reversed.

DAVENPORT, J., concurs.

EDWARDS, J., absent, not participating.